FILED
2008 Oct-20 AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2008 OCT 17 PM 3:15
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Fargason Outdoor Technologies, Inc. § | |
| Plaintiff, § | |
| § | Civil Action No. CV-08-PWG-1934-S |
| v. § | |
| § | JURY TRIAL DEMANDED |
| Ameristep Corporation § | |
| § | |
| Defendant. § | |

## COMPLAINT

Plaintiff Fargason Outdoor Technologies, Inc. (hereinafter "Plaintiff" or "Fargason"), by and through its undersigned counsel, files this Original Complaint against Ameristep Corporation (hereinafter "Defendant" or "Ameristep").

### NATURE OF THE ACTION

1. This is a patent infringement action to stop the Defendant's infringement of Fargason's United States Patent No. 7,311,355 B2 entitled "Tent Chair" (the "355 patent"; a copy of which is attached hereto as Exhibit A). Fargason is the assignee of the '355 patent. Fargason seeks injunctive relief and monetary damages.

### PARTIES

2. Plaintiff Fargason Outdoor Technologies, Inc. is a corporation organized and existing under the laws of the state of Alabama. Fargason maintains its principal place of business at 1423 Highway 1, Bessemer, Alabama. Fargason is the owner by assignment of all right, title, and interest in and to the '355 patent. Fargason has been assigned all such rights by inventor, Bill Fargason.

3. Upon information and belief, Defendant Ameristep is a corporation organized and existing under the laws of the state of Michigan, with its principal place of business located at 901 Tacoma Court, Clio, Michigan.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over the Defendant because the Defendant has minimum contacts within the State of Alabama and the Northern District of Alabama; the Defendant has purposefully availed itself of the privileges of conducting business in the State of Alabama and in the Northern District of Alabama; the Defendant has sought protection and benefit from the laws of the state of Alabama; the Defendant regularly conducts business within the state of Alabama and within the Northern District of Alabama; and, Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the state of Alabama and in the Northern District of Alabama.

6. More specifically, the Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the state of Alabama, and the Northern District of Alabama. Upon information and belief, the Defendant, through the marketing and/or sale of its product, has committed patent infringement in the state of Alabama and in the Northern District of Alabama, has contributed to patent infringement in the state of Alabama and in the Northern District of Alabama, and/or has induced others to commit patent infringement in the state of Alabama and in the Northern District of

Alabama. The Defendant solicits customers in the State of Alabama and in the Northern District of Alabama.

7. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I – PATENT INFRINGEMENT OF THE '355 PATENT

8. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-7 above.

9. United States Patent No. 7,311,355, entitled "Tent Chair," was duly and legally issued by the United States Patent and Trademark Office on December 25, 2007 after full and fair examination. Fargason is the assignee of all rights, title, and interest in and to the '355 patent, and possesses all rights of recovery under the '355 patent, including the right to sue for infringement and recover past damages.

10. Upon information and belief, defendant Ameristep has infringed and continues to infringe one or more claims of the '355 patent by making, importing, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States a product marketed generally as a "chair blind".

11. Upon information and belief, Ameristep has also contributed to the infringement of one or more claims of the '355 patent, and/or actively induced others to infringe one or more claims of the '355 patent, in this district and elsewhere in the United States.

12. The Defendant's aforesaid activities have been without authority and/or license from Fargason.

13. The Defendant has been on actual notice of the claims in the '355 patent since before the patent was issued. The Defendant's infringement has been willful.

14.     Fargason is entitled to recover from the Defendant the damages sustained by Fargason as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

15.     Defendants' infringement of Fargason's exclusive rights under the '355 patent will continue to damage Fargason, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

16.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Fargason Outdoor Technologies, Inc. respectfully requests the following relief:

A.   An adjudication that the Defendants have infringed and continue to infringe claims of the '355 patent;

B.   Declare that Defendant induced infringement of the '355 patent, in violation of 35 U.S.C. § 271(b);

C.   An award to Fargason of damages adequate to compensate Fargason for the Defendant's acts of infringement, including damages dating back to the publication of the application of the '355 patent, together with prejudgment interest;

D.   An award to Fargason of treble damages;

E.   A declaration by the Court that this action constitutes an exceptional case pursuant to 35 U.S.C. § 285 and awarding Fargason reasonable attorney's fees and costs;

F.   A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement,

and (3) actively inducing infringement with respect to the claims of the '355 patent; and

G.  Any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: October 17, 2008

Timothy C. Davis, Esq.
E-mail: tim@hgdlawfirm.com
W. Lewis Garrison, Jr., Esq.
E-mail: wlgarrison@hgdlawfirm.com
Brian D. Hancock, Esq.
E-mail: brian@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203

OF COUNSEL:
Brock G. Murphy
**GORDON & ASSOCIATES, LLC**
600 University Park Place
Suite 350
Birmingham, AL 35209

**ATTORNEYS FOR PLAINTIFF FARGASON OUTDOOR TECHNOLOGIES, INC.**